# FRANK DEISTER v. KANSAS CITY NORTH-WESTERN RAILWAY COMPANY and MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Division Two, May 29, 1917.

1. **CORPORATIONS: Consolidation: Revivor of Action.** Where numerous corporations were consolidated into defendant company before the date of plaintiff's injury and all acts of incorporation were made prior to that time, and the defendant has by stipulation agreed that for the purpose of the case it is the same corporation that it was at the date of the injury, there is no need of a revivor of the action, and it is not to be dismissed for failure to revive on the ground that the statute of the State in which the injury occurred requires an action to be revived against the successor of a defendant within one year after the defendant's death or else to be dismissed.

2. **NEGLIGENCE: Res Ipsa Loquitur: Prima-facie Case: Instruction: Burden of Proof.** Three men, one of whom was the plaintiff, a shipper, were trying to open the door of a car to be used in the shipment of cattle. The door was suspended by hooks which hung over an iron rail at the top of the door, which was opened by being slid along on the rail. The evidence for plaintiff tended to prove that the hooks were too short; that the three men had difficulty in opening the door; that when it was opened far enough for one of them to get into the opening he got inside and pushed, while the other two stood on the ground and pushed up, whereupon the door fell outward from the top, and over onto plaintiff, and injured him. The car was furnished by defendant, but none of its employees was present at the time of plaintiff's injury. *Held*, that the law does not prejudge the case by declaring that it was the fault of the car and not of the men that the door fell, that the case is not one in which the doctrine of *res ipsa loquitur* determines defendant's liability, and the trial court erred in refusing to instruct the jury that the burden of proof was on the plaintiff to establish by a preponderance of the evidence that he was injured as the result of some defect in the car door.

Appeal from Jackson Circuit Court.—*Hon. T. J. Seehorn, Judge.*

REVERSED AND REMANDED.

*Martin L. Clardy, Edward J. White* and *Thomas Hackney* for appellants.

(1) The court erred in striking out all that portion of the defendant's amended answer to the third amended petition, setting up the consolidation of the defendant corporations in August, 1909; the Kansas statute requiring the revival of the action within one year against the consolidated corporation; the Kansas decisions holding that said revival was a condition upon the right to sue and not a mere limitation upon the remedy and of the plea of *res adjudicata,* in said amended answer, and the final decision of the district court of Wyandotte County, Kansas, in favor of defendants, upon the same cause of action sued on in this action. (2) The court erred in overruling the defendant's demurrer at the close of the plantiff's case and in holding that the plaintiff, under the facts shown by his evidence, was entitled to recover under the rule *res ipsa loquitur,* the facts establishing that the plaintiff and his associates were handling the door in question at the time of the injury, and that the same was not under the control of the defendant or its employees.

*Guthrie, Gamble & Street* for respondents.

(1) The Kansas procedure acts do not affect personal injury litigation in Missouri. Husted v. Mo. Pac. Ry. Co., 143 Mo. App. 623; Lessenden v. Mo. Pac. Ry. Co., 238 Mo. 347. (2) Plaintiff's right to prosecute this cause was in no manner affected by the Kansas revivor statutes. Baker v. Crandall, 28 Mo. 590; Crawford v. Railway, 171 Mo. 77; Berkley v. Tootle, 62 Kan. 701; Reaves v. Long, 63 Kan. 700; Steinbach v. Murphy, 70 Kan. 487; Whipple v. Union Pacific, 28 Kan. 340; Cunkle v. Railroad, 54 Kan. 149. (3) The rule of *res ipsa loquitur* was not excluded in its application by any act of the plaintiff or his associates. Cothron v. Packing Co., 98 Mo. App. 343; Jones v. Ry. Co., 135 Mo. App. 468. (4) The court did not err in refusing defendants' instruction as to the burden of proof. Cramer v. Nelson, 128 Mo. App. 399;

Clarke v. Kitchen, 52 Mo. 316; Milling Co. v. Walsh, 37 Mo. App. 574; Fletcher v. Mfg. Co., 35 Mo. App. 321, 329; Mackin v. Railway, 45 Mo. App. 87.

ROY, C.—Plaintiff recovered judgment for $10,000 for personal injuries. He made a voluntary *remittitur* of $2500, and judgment was thereupon entered for $7500. Defendant appealed. The appeal was allowed to the Kansas City Court of Appeals, whence it was certified here on the ground that constitutional questions were involved. This court overruled appellant's motion to retransfer to the Kansas City Court of Appeals.

This suit was begun October 28, 1908, and on December 24, 1909, the third amended petition herein was filed. It charged the negligence of the defendants and the consequent injury to the plaintiff in the following language:

"That on or about the 31st day of October, 1906, the defendants furnished to the plaintiff, then a cattle shipper, a freight cattle car at Piper, Kansas, to be used by the plaintiff in the shipment of a load of cattle from said station, pursuant to an arrangement between plaintiff and defendant for the shipment thereof; that pursuant to the custom and practice and the necessities of the situation it became and was necessary for the plaintiff to open the door of said cattle car, which plaintiff, with the assistance of others, proceeded to do in the usual and proper manner therefor, when, by reason of the negligence of the defendants, said door fell from its fastenings and support down to, upon and against the plaintiff, then a stout hearty man of about fifty-four years of age, bearing the plaintiff to the ground and injuring the plaintiff, as the direct result of the negligence of said defendant, in the following respects."

The Missouri Pacific Railway Company on October 7, 1911, filed its separate amended answer herein. It contained a general denial and a plea of contributory negligence; also the following:

"Further answering, the defendant states that said alleged injuries to the plaintiff are alleged to have been

received on the 31st day of October, 1906, in the State of Kansas, as a result of the negligence of the Missouri Pacific Railway Company. That said Missouri Pacific Railway Company, a corporation, organized and existing under the laws of the State of Kansas, was on the 6th day of August, 1909, duly and legally incorporated and consolidated with eleven other corporations, and the contract and articles of consolidation were thereafter, and on the 9th day of August, 1909, duly filed with the Secretary of State of the State of Kansas, as provided by law and by the contract and articles of consolidation, said consolidated corporation adopted the name of the Missouri Pacific Railway Company as its name

"That under the law of the State of Kansas, on the date of said consolidation of said Missouri Pacific Railway Company, the said Missouri Pacific Railway Company was and became a defunct corportion and in order to prosecute an action against its successor, the said action must have been revived within one year from said 9th day of August, 1909.

"That by sections 6025, 6026 and 6027, Revised Statutes of Kansas of 1909, it was provided:

" 'Sec. 6025.  *Order against representative or successor of defendant must be made within one year* (430). An order to revive an action against the representative or successor of defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made.

" 'Sec. 6026.  *Order in favor of representatives or successors of plaintiff not to be made after one year; where both parties have died* (431). An order to revive an action in the names of the representatives or successors of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made, but where the defendant shall also have died, or his powers have ceased in the meantime, the order of revivor on both sides may be made in the period limited in the last section.

" 'Sec. 6027. *Action that cannot be revived, to be dismissed* (423). When it appears to the court by affidavit that either party to an action has been dead for a period so long that the action cannot be revived in the names of his representatives or successors without the consent of both parties, or where a party sues or is sued as a personal representative that his powers have ceased, the court shall order the action to be dismissed at the costs of the plaintiff.'

"That more than one year has elapsed since the defendant, against whom said cause of action, if any, arose, was consolidated with eleven other railroad corporations and no motion was filed within one year from said date of said consolidation and filing the articles of said consolidation with the Secretary of State of the State of Kansas, to substitute the successor of said railroad company or to revive the cause of action against its successor and the successor of said company has not at any time consented to a revivor or a substitution in said action.

"That by virtue of the foregoing facts, plaintiff's cause of action has ceased to exist against the successors of said Missouri Pacific Railway Company in the State of Kansas and has no right of action in the State of Missouri.

"Further answering, the defendant states that on the 28th day of October, 1908, the plaintiff commenced a cause of action against this defendant in the district court of Wyandotte County, Kansas, No. 21324, on the same cause of action as that involved in the suit against this defendant. That said action was not revived against the consolidated company, succeeding the defendant, Missouri Pacific Railway Company, in said action, and on the 1st day of April, 1911, said district court of Wyandotte County, Kansas, with full jurisdiction over the person of the defendant and the cause of action set up in the plaintiff's petition in this court, ordered and decreed that the plaintiff's cause of action should be forever abated and that no appeal was taken from said decision of said district court of Wyandotte County, Kansas, and the same is

a final adjudication against the right of the plaintiff to maintain this action at this time.''

On motion of plaintiff the quoted portion of that answer was stricken out, and defendants excepted to such' action of the court. On June 20, 1912, the last named defendant filed its second separate amended answer herein, containing a general denial and a plea of contributory negligence, also this:

''Further answering, defendant says that there is a misjoinder of parties defendant.

''Further answering, this defendant states that it had a complete defense to the plaintiff's cause of action under the law of Kansas, where the plaintiff's cause of action arose and that in filing said suit against this defendant in Missouri, this defendant is deprived of said defense and is therefore deprived of its property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.

''Further answering, this defendant states that it had no corporate existence until the month of August, 1909, and according to the laws of Kansas it was not at that time legally liable under the statutes and decisions of the State of Kansas, for the cause of action set up in the plaintiff's petition, which resulted from the alleged wrongful act of one of the constituent companies consolidated with others and forming this defendant corporation. That to permit the prosecution of this action in the State of Missouri, in violation of the statute and decisions of the State of Kansas, impairs the obligations of its contract with the State of Kansas, in violation of section 15, article 2, of the Missouri Constitution, and section 10 of the Constitution of the United States.''

The answer of the Kansas City Northwestern Railway Company denied that plaintiff's injuries were caused by any negligence on the part of that defendant.

The reply was a general denial to both answers. At the beginning of the trial, and before the introduction of any evidence, the following occurred:

''Before the introduction of any testimony, the defendant objects to any evidence under the third amended

Deister v. Railroad.

petition of the plaintiff, for the following reasons: First, the action is based on the doctrine of *res ipsa loquitur*, and there were no allegations pleaded of negligence; and the petition discloses, upon its face, that the car door which fell upon the plaintiff was not under control of either of the defendants at the time the door fell upon the plaintiff; but was being handled by the plaintiff and his associates; and for the doctrine of *res ipsa loquitur* to apply, for negligence to result from the demonstrative evidence at the happening of an accident, the appliance which caused the injury must have been under the control of the defendant or one of its agents; and, for the additional reason that, the third amended petition shows there is a misjoinder of the parties defendant.

"The Court: Overruled.

"To which ruling and action of the court the defendants, severally, by their counsel then and there duly excepted."

The evidence showed that the door of the stock car was suspended in place by hooks which hung over an iron rail at the top of the door, which was opened by being slipped along on such rail. The evidence for plaintiff tended to prove that the ends of those hooks were too short, that they did not hang down on the side of the bar more than a fourth of an inch, and that the usual length of such part of the hooks was about an inch.

The evidence for defendants tended to prove that the door and its hangings were such as are generally used and were all right in every respect.

The evidence for the plaintiff showed that he and two other men were engaged in trying to open the door at the time of the accident; that they had difficulty in doing so, and that the door was open far enough for one of them to get into the opening. The cross-examination of plaintiff's witnesses tended to prove that the man in the opening of the door was pushing the door while the other two were standing on the ground and pushing up on the door, the plaintiff being about the middle of the door when it fell outward from the top and over on the plaintiff.

The defendants put in evidence the following stipulation:

"Exhibit A

"In the Circuit Court of Jackson County, Missouri, at Kansas City, September Term, 1911. Frank Deister, Plaintiff, v. Kansas City, Northwestern Railroad Company and the Missouri Pacific Railway Company, Defendants. No. 40344.

"Stipulation.

"It is hereby agreed between the parties hereto, subject to the conditions hereinafter stated, that:

"Missouri Pacific Railway Company, a corporation, was originally incorporated and became such corporation under the laws of the State of Missouri.

"Thereafter, there was incorporated in the State of Kansas, and under the laws of said State of Kansas, a corporation by the name of The Missouri Pacific Railway Company of Kansas.

"Thereafter, The Missouri Pacific Railway Company of Missouri and The Missouri Pacific Railway Company of Kansas were consolidated into and became, pursuant to the laws of the State of Kansas and Missouri respectively, a corporation under the name of The Missouri Pacific Railway Company.

"Thereafter, there was incorporated in the State of Nebraska and under the laws of the State of Nebraska, a corporation by the name of The Missouri Pacific Railway Company in Nebraska.

"Thereafter, and pursuant to the laws of the State of Missouri, Kansas and Nebraska, The Missouri Pacific Railway Company, the consolidated corporation last mentioned and the Missouri Pacific Railway Company in Nebraska, were consolidated and became a corporation under the name of The Missouri Pacific Railway Company.

"Thereafter, there was filed in the office of the Secretary of State of the State of Kansas, on the 6th day of August, 1909, a certain agreement, the due execution of which is hereby admitted, showing proceedings, as per the printed copy hereto attached, marked 'Exhibit A,' and made a part hereof."

They also put in evidence the agreement dated August 6, 1909, mentioned in said stipulation.  That agreement purports to be one of consolidation of The Missouri Pacific Railway Company of the States of Missouri, Kansas and Nebraska with eight other railway companies, into a new corporation to be called "The Missouri Pacific Railway Company."  We do not here set out said agreement, but merely state that there is a dispute between the parties herein as to whether such document is sufficient for the purpose of such consolidation.  The plaintiff put in evidence the following stipulation which was entered into sometime in the year 1910, while both these defendants were parties defendant to this suit:

"Exhibit 3.

"In the Circuit Court of Jackson County, Missouri, at Kansas City.  Frank Deister, Plaintiff, v. Kansas City & Northwestern Railroad Company and Missouri Pacific Railway Company, Defendants.  Number 40344.

"The defendants herein, for all purposes in this cause, hereby formally admit that at the time of the matters and things in controversy herein the line of railroad in question was owned by the defendant Kansas City & Northwestern Railway Company, and was being operated in all branches of the business by the defendant Missouri Pacific Railway Company and under a running arrangement between the defendants herein."

The defendants objected to such document for the following reason:

"Because it is based upon an assumption of facts, and not based upon the facts.  The defendant corporation had no legal existence at the time of the accident; and this stipulation to the effect that the road was owning and operating the road at that time, is not in accordance with the facts; and the stipulation is incompetent because of the fact."

The objection was overruk 1.

The court refused instruction number 2 asked by defendants as follows:

"The court instructs the jury that the burden of proof in this case is upon the plaintiff to establish by a

greater weight or preponderance of the evidence that he was injured as the result of some defect in the car door which fell upon him and unless you find and believe by a greater weight or preponderance of the testimony, that such car door was defective and that the injury to the plaintiff resulted from the defective condition of said door, your verdict will be for the defendants."

I.   The stipulation marked "Exhibit 3" settles most of the questions in this case.  By its terms the defendants "for all purposes in this cause" admitted that this defendant, "The Missouri Pacific Railway Company," is the same corporation which was operating the railroad where and when plaintiff's injury occurred.

All of the acts of incorporation and of consolidation of corporations mentioned in "Exhibit A" as made prior to August 6, 1909, were evidently made before the date of the alleged injury.  It is not claimed in the pleadings or in the evidence that any of them were made after the injury.  That stipulation, "Exhibit A," does not state that there was any consolidation of corporations on August 6, 1909.  It simply states that a certain instrument was filed in the office of the Secretary of State of Kansas on that day.  It is true that the defendants read that instrument in evidence, and they make the claim here that such instrument is a valid consolidation of the companies therein named.  The plaintiff has never agreed that there was such a consolidation on August 6, 1909, but the defendants *have* agreed that for all the purposes of this case the defendant, the Missouri Pacific Railway Company, is the same corporation that it was at the date of the injury.

II.   The court erred in refusing the instruction asked by defendant telling the jury that the burden of proof was on the plaintiff.  This is not a *res ipsa loquitur* case.  True the car was furnished by the defendant, but that is all. None of its employees were present at the time of the injury.  Three men, including the plaintiff, were trying to open the door, in doing which they were having difficulty. Was it the fault of the car or of the men that the door

fell? The law does not prejudge the case by presuming against either.

Wigmore on Evidence, Vol. 4, sec. 2509, speaking of the doctrine of *res ipsa loquitur*, says:

"But the following considerations ought to limit it: (1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection, or user; (2) Both inspection and user must have been at the time of the injury in the control of the party charged; (3) The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. It may be added that the particular force and justice of the presumption, regarded as a rule throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person."

The latest utterance of this court on the subject is by FARIS, P. J., in Removich v. Construction Company, 264 Mo. l. c. 57. It supports in full the position here taken.

The judgment is reversed and the cause is remanded. *White, C.,* concurs in result.

PER CURIAM:—The foregoing opinion of ROY, C., is adopted as the opinion of the court. All of the judges concur.